UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| TRACYE BERNARD WASHINGTON, Petitioner, v. TRENT ALLEN, Warden, Respondent. | Case No. CV 22-4794-MWF (RAO) **ORDER ACCEPTING SECOND REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |
|---|---|

Pursuant to 28 U.S.C. § 636, the Court has reviewed the First Amended Petition ("FAP," Document No. 4), the Motion to Dismiss the FAP ("Motion to Dismiss," Document No. 23), the Second Report and Recommendation of the United States Magistrate Judge recommending the Motion to Dismiss be granted and the FAP be dismissed as an unauthorized second-or-successive habeas petition ("Second Report," Docket No. 31), the Objections to the Second Report ("Objections," Docket No. 33), and the other relevant records on file.  The Court has conducted a *de novo* review of the portions of the Second Report to which the Objections are directed.

Although not required, the Court notes that Petitioner's Objections merely cite a California code provision and a recent state-law case. *See United States v. Ramos*, 65 F.4th 427, 434 (9th Cir. 2023) ("the district court ha[s] no obligation to provide

individualized analysis of each objection"). However, Petitioner makes no attempt to overcome the Second Report's conclusion that he failed to seek authorization from the Ninth Circuit to file the FAP. To the extent he intends to claim the authorities he cites may fit within one of the narrow exceptions to the bar on second- or-successive petitions, that determination must be made in the Circuit. *See, e.g., Doyle v. Fender*, No. CV 17-68-BU-DLC-JCL, 2017 WL 5889804, at *1 (D. Mont. Nov. 29, 2017) ("even if circumstances support [petitioner]'s assertion that his claim qualifies within the narrow exception to the second or successive habeas petition bar[, such as the claim resting on new law, new evidence, or actual innocence], a prisoner wishing to file a successive habeas petition in federal district court must first receive authorization from the Court of Appeals"); *Tierney v. Abercrombie*, No. 1:11-CV-00246 LEK, 2012 WL 3776487, at *6 (D. Haw. Aug. 29, 2012) (court may not consider "general claim of 'new evidence,' . . . absent authorization from the Ninth Circuit). Accordingly, the Objections are overruled.

Finally, for the reasons stated in the Second Report and this Order, a certificate of appealability ("COA") is denied. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

**IT IS THEREFORE ORDERED** that:

(1) the Second Report is **ACCEPTED**;

(2) the Motion to Dismiss is **GRANTED**;

(3) the Petition is **DISMISSED** and a COA is **DENIED**;

(4) Judgment be entered **DISMISSING** this action without prejudice.

Dated: June 25, 2024

_____
MICHAEL W. FITZGERALD
United States District Judge